```
                              United States Bankruptcy Court
                              Middle District of Pennsylvania
```

In re:                                                          Case No. 18-03296-HWV
Shane E. Welsh                                                  Chapter 7
         Debtor                     **CERTIFICATE OF NOTICE**

District/off: 0314-1           User: DDunbar              Page 1 of 1              Date Rcvd: Nov 13, 2018
                               Form ID: 318               Total Noticed: 10

```
Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Nov 15, 2018.
db            #+Shane E. Welsh,    319 W. Market Street,    Apt. 1,    Hellam, PA 17406-1028
5093223        +Credit Management,    7381 Airport View Dr. SW,    Rochester, MN 55902-1875
5093225         Discover,    PO Box 742655,    Cincinnati, OH 45274-2655
5093227        +Mariner Fin.,    2044 Fruitville Pike,    Lancaster, PA 17601-3918
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
5093221           EDI: GMACFS.COM Nov 14 2018 00:08:00      Ally,    PO Box 9001951,    Louisville, KY 40290-1951
5093222           EDI: WFNNB.COM Nov 14 2018 00:08:00      Comenity Bank,    PO Box 182782,
                  Columbus, OH 43218-2782
5093224           EDI: RCSFNBMARIN.COM Nov 14 2018 00:08:00      Credit One Bank,    PO Box 60500,
                  City of Industry, CA 91716-0500
5093226           EDI: CBSKOHLS.COM Nov 14 2018 00:08:00      Kohls,    PO Box 2983,    Milwaukee, WI 53201-2983
5093808        +EDI: PRA.COM Nov 14 2018 00:08:00      PRA Receivables Management, LLC,    PO Box 41021,
                  Norfolk, VA 23541-1021
5093228        +E-mail/Text: bankruptcy@loanpacific.com Nov 13 2018 19:04:47      Pacific Union Financial,
                  1603 LBJ Fwy, Ste. 500,    Dallas, TX 75234-6071
                                                                                              TOTAL: 6

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr*            +PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
                                                                                 TOTALS: 0, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 15, 2018                                   Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on November 13, 2018 at the address(es) listed below:
          James   Warmbrodt     on behalf of Creditor    Pacific Union Financial, LLC bkgroup@kmllawgroup.com
          Lawrence V. Young (Trustee)    lyoung@cgalaw.com,
           pa33@ecfcbis.com;tlocondro@cgalaw.com;rminello@cgalaw.com
          Thomas William Fleckenstein     on behalf of Debtor 1 Shane E. Welsh FleckensteinLaw@yahoo.com,
           TFleck84@yahoo.com
          United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                             TOTAL: 4
```

| | | |
|---|---|---|
| Debtor 1 | **Shane E. Welsh** <br> First Name   Middle Name   Last Name | Social Security number or ITIN    xxx–xx–6127 <br> EIN    _ _–_ _ _ _ _ _ _ |
| Debtor 2 <br> (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN    _ _ _ _ <br> EIN    _ _–_ _ _ _ _ _ _ |

United States Bankruptcy Court    **Middle District of Pennsylvania**

Case number:    **1:18–bk–03296–HWV**

# Order of Discharge                   12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

    Shane E. Welsh

**By the court:**

*[signature: Henry W. Van Eck]*

November 13, 2018

Honorable Henry W. Van Eck
United States Bankruptcy Judge

By: DDunbar, Deputy Clerk

---

**Explanation of Bankruptcy Discharge in a Chapter 7 Case**

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for most taxes;

♦ debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

♦ debts for most fines, penalties, forfeitures, or criminal restitution obligations;

♦ some debts which the debtors did not properly list;

♦ debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

♦ debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**